UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAITLYN T.; DAVID THARALDSON; DIANE THARALDSON <br><br> Plaintiffs <br><br> v. <br><br> CHICOPEE PUBLIC SCHOOLS and THE CITY OF CHICOPEE <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-30086-*MAP* <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR ATTORNEY'S FEES

### PARTIES

1.  The Plaintiff, Kaitlyn T., resides at 182 Poplar Street, Chicopee, Massachusetts and she is the minor child of Mr. David Tharaldson and Mrs. Diane Tharaldson.

2.  The Plaintiff, David Tharaldson, is a natural person residing at 182 Poplar Street, Chicopee, Massachusetts and is a citizen of the United States.

3.  The Plaintiff, Diane Tharaldson, is a natural person residing at 182 Poplar Street, Chicopee, Massachusetts and is a citizen of the United States.

3.  The Defendant, the City of Chicopee, is a municipality of the Commonwealth of Massachusetts and has ultimate responsibility for funding the school programs and associated costs in the City of Chicopee.

4.  The Defendant, Chicopee Public Schools is the body charged with providing special education services to Kaitlyn T., the minor child of the plaintiffs.

### JURISDICTION

5.  This Honorable court has jurisdiction over this matter pursuant to 20 U.S.C. Ch. 33 §1415 (i)(3)(A).

## FACTS

6. On June 23, 2003 the Plaintiffs David and Diane Tharaldson consulted with Attorney Derek M. Beaulieu regarding representing their daughter Kaitlyn T. At that time Kaitlyn was a 14-year-old student who recently completed the 8th grade at Fairview Middle School in Chicopee, Massachusetts.

7. On or about June 23, 2003, the Plaintiffs retained Derek M. Beaulieu as counsel due to his expertise in the area of special education law at the prevailing rate of one hundred and twenty-five ($125.00) dollars per hour. *Please find attached hereto as Exhibit A, and incorporated by reference, copies of Affidavits from attorneys practicing in the law in this area.*

8. On June 30, 2001, the Parents, via their attorney, filed a Request for Hearing with the Bureau of Special Education Appeals against the Chicopee Public Schools. *Please find attached hereto as Exhibit B, and incorporated by reference, a copy of Parents Request for Hearing with the Bureau of Special Education Appeals.*

9. In the Request for Hearing the Plaintiffs make full mention Dr. Kemper's evaluation of Kaitlyn in April 2003. The Plaintiffs assert that Kaitlyn has a specific language-based learning disability and requires the services mentioned by Dr. Kemper in his evaluation. The Request for Hearing specifically states as follows:

    A. "Dr. Kemper recommends that Kaitlyn be educated with the context of a substantially separate, multi-sensory, language-intensive program. The purpose of which would be to provide direct, remedial, instructional methodologies that allow children with significant language disorders to learn effectively and efficiently via a multisensory presentation of information."

    B. "That "Kaitlyn's multisensory, structured language program will need to be implemented within the context of a substantially separate school that is devoted

to addressing the needs of children who have significant language impairments. Student/teacher ratio should be small (a maximum of 8:1) in which direct teaching is performed in a systematic manner, with continuous review of previously learned information and the teaching of skills across various contexts, in order to facilitate generalization effects. It is extremely important that all of Kaitlyn's teachers have the training necessary to provide instruction in a multisensory, structured language program setting."

C. "Kaitlyn will continue to require a daily, individual tutorial in which a multisensory, code emphasis program is provided for reading, spelling, and written language instruction."

10. The Plaintiffs also asserted in their Request for Hearing that the IEP offered for the 2003-2004 School Year by the Chicopee Public Schools was grossly inappropriate. The Plaintiff's specifically stated that the "IEP seeks to place Kaitlyn in a program that will offer some reading pullout. The School District will be using the program READ 180 to remediate Kaitlyn's disability. The parents assert that the program offered by the School District is not intensive enough. The parents also assert that READ 180 is not a program that is designed to effectively remediate the type of disability Kaitlyn has."

11. The Petitioner's also asserted that "...the School District's program and IEP fail to provide real services, methodologies and the intensity Kaitlyn needs in order for her to achieve FAPE. The IEP offered continues the Chicopee Public School's pattern of placing Kaitlyn is academic situations where she will continue to lose academic ground and self-esteem."

12. The Petitioner specifically requested the following relief:

1. The Petitioner is seeking a declaratory judgment that the Chicopee Public School District's IEP and program proposed for Kaitlyn are not appropriate.

2. The Petitioner is seeking a declaratory judgment that the Chicopee Public Schools have failed to find Kaitlyn's disabilities and properly provide her special education instruction in which to remediate her disabilities.

3. The Petitioner is seeking a declaratory judgment that Kaitlyn should be placed in an intensive Language Based Program as described by Dr. Robert Kemper, in order for her to receive her right to a Free Appropriate Public Education as defined by the Individuals with Disability Education Act.

13. On August 22, 2003, the parties met before the Bureau of Special Education Appeals in Worcester Massachusetts. The Parties were unable to come to an agreement on that date. The Chicopee Public Schools was notified at the Hearing before the Hearing officer that the parents were considering placing Kaitlyn unilaterally at the White Oak School.

14. On August 26, 2003, by letter dated August 26, 2003, the Parents informed the Chicopee Public Schools, pursuant to 20 U.S.C. § 1412 and the regulations promulgated at 34 C.F.R. 300:403, that they were enrolling Kaitlyn at the White Oak School for the 2003-2004 school year, with the intent of seeking reimbursement for said placement by Chicopee Public Schools, before the Bureau of Special Education Appeals, on the basis that it is the appropriate placement.

15. Hearing was held before the Bureau of Special Education Appeals on January 29th and 30th and February 3rd and 4th of 2004 before Hearing Officer Lindsay Byrne. The parents paid two thousand and thirty-five ($2035.00) dollars to Dr. Robert Kemper for his evaluation and for his testimony at the hearing.

16. On or about April 7, 2004, the Bureau of Special Education Appeals issued a decision finding for the Plaintiffs granting all relief requested in their Request for Hearing. *Please find attached hereto as Exhibit C, and incorporated by reference, a copy of the BSEA Decision dated April 7, 2004.*

17. The Hearing Officer held, with respect to the second enumerate request for relief in the Petitioner Request for Hearing, that: "The evidence in this hearing established that READ 180 is a new, exciting, engaging computer assisted tool for developing reading fluency in disadvantaged students attending large public school systems. There is no evidence, however, that it is a targeted, rule based, phonetic system designed to remediate individual reading disabilities."

18. The Hearing Officer held, with respect to the first enumerate request for relief in the Petitioner Request for Hearing, that "The proposed 2003-2004 IEP as a totality I find that neither the setting, nor the services, proposed by Chicopee meet the recommendations outlined in Dr. Kemper's report... therefore that Chicopee did not propose an IEP that was reasonably calculated to provide the Student with a free, appropriate public education."

19. The Hearing Officer held, with respect to the third enumerate request for relief in the Petitioner Request for Hearing, that "[t]here is no dispute that the program in which the Student is enrolled at the White Oak School provides all the elements recommended by Dr. Kemper."

20. The Order of the Decision states in full: "The 2003-2004 IEP proposed by Chicopee is not reasonably calculated to provide a free, appropriate public education to [Kaitlyn]. The White Oak School meets the recommendations of the Evaluators in the record, and the Parents' unilateral placement of the Student there in 2003, was appropriate and justified. The Parents are entitled to reimbursement of all out-of-pocket expenses associated with the Student's placement at the White Oak School for the 2003-2004 school year."

21. In total the parents attorney's fees from June 23, 2003 to May 3, 2004 equals twenty thousand four hundred and four ($20,404.32) dollars and thirty-two cents. Parents assert that they are entitled to these attorney's fees and all other attorney's fees associated with

the filing of this claim for attorneys fees, and any potential attorney's fees associated with litigating this issue on appeal. *Please find attached hereto as Exhibit D, and incorporated by reference, a copy of the legal services incurred between the dates provided above.*

## LEGAL CLAIM

22. The plaintiffs repeat and reallege paragraphs 1 through 21 and incorporate them herein and assert that pursuant to 20 U.S.C. Chapter 33 §1415 (i) (3) (B), the Plaintiffs are the "prevailing party" and as such are entitled to an award of reasonable Attorney's Fees and costs.

## REQUESTED RELIEF

WHEREFORE, the plaintiffs respectfully request that this honorable Court grant them the following relief:

1. Order the Defendants to pay the Plaintiff's attorney's fees in the amount twenty thousand four hundred and four ($20,404.32) dollars and thirty-two cents, and attorney's fees incurred with the filing this action for attorney's fee.

2. Order the Defendants to pay the Plaintiff's for their expenditures associated with obtaining Dr. Kemper's Evaluation and Testimony at Hearing in the amount of two thousand and thirty-five ($2035.00) dollars.

3. Such other relief as this honorable court deems necessary and proper.

Respectfully submitted,<br>
The Plaintiffs,<br>
By their attorney

May 6, 2004

Derek M. Beaulieu, Esq.
1242 Main Street, Suite 306
Springfield, MA 01103
BBO# 644185

**EXHIBIT A**

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH ZANOLLI and MARY LOU )
ZANOLLI, )
  Plaintiffs )
)
vs. )  CIVIL ACTION NO. 95-30181-MAP
)
)
TOWN OF WESTFIELD, et al., )
  Defendants )

## AFFIDAVIT OF PETER L. SMITH, ESQUIRE

KNOW ALL MEN BY THESE PRESENTS:

1) I, Peter L. Smith, am a natural person and reside at 106 Morningside Drive, Longmeadow, Massachusetts 01106.

2) I am a practicing attorney in the Commonwealth of Massachusetts with my principal place of business at Paroshinsky Law Offices, 1214 Main Street, Springfield, Massachusetts 01103.

3) I was admitted to practice law on December 22, 1983.

4) For over ten (10) years, the primary concentration of my law practice has related to special education.

5) I currently represent approximately eighteen (18) school districts from Williamstown to Holliston, Massachusetts, regarding special education litigation.

6) Currently, I am appointed Guardian ad Litem/Educational Advocate for approximately thirty five (35) special needs youngsters in Hampden County.

7) I currently represent approximately fourteen (14) parents privately on behalf of their special needs children.

8) I have given numerous workshops on special education related issues to Superintendents, Special Education Directors, Administrators of Special Education, Educational Advocators, Probation Officers, Teachers and Parents.

9) I have served on Department of Education and Bureau of Special Education Appeals committees related to special education issues.

10) I have tried many cases before the Bureau of Special Education Appeals during the past ten years and have "lost" only once.

11) My current fees for public and private representation are $100.00 per hour for time reasonably spent out of court (including travel and phone conversations) and/or out of hearing/mediation; and $125.00 per hour for time reasonably spent in mediation, hearing and conferences directly before the Bureau of Special Education Appeals.

12) The current hourly rates for other attorneys in Western Massachusetts who specialize in educational litigation are between $125.00/hour to $200.00.

13) The approximately twenty (20) hours expended prior to the scheduled hearing in the case at bar is lower than the typical amount of time spent in preparing for a hearing and conducting a pre-hearing in similar matters I have been involved with.

14) The additional six-and-one-half (6½) hours of time expended beginning December 19, 1994, would not have been necessary had Westfield agreed to fund Anthony's placement at White Oak School for the full 1994-1995 school year.

15) I have expended an additional six (6) hours of time in relation to this federal ration, and have paid $120.00 in federal court costs to date.

Date: March 18, 1996

_Peter L. Smith_
Peter L. Smith, Esquire
Paroshinsky Law Offices
1214 Main Street
Springfield, MA 01103
(413) 733-7871
BBO # 542544

COMMONWEALTH OF MASSACHUSETTS

Then personally appeared before me the above-named Peter L. Smith and acknowledged he foregoing to be his free act and deed.

Date: March 18, 1996

_____
Notary Public
My Commission Expires: 3/30/01

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEBASTIAN K., by and through his
next friend BONNIE A., and BONNIE A.,
individually,
                 Plaintiffs

v.

MASSACHUSETTS DEPARTMENT OF
EDUCATION, and AMHERST-PELHAM
REGIONAL SCHOOL DISTRICT,
                 Defendants

CIVIL ACTION NO. 95-30185-FHF

## AFFIDAVIT OF PETER L. SMITH, ESQUIRE

KNOWN ALL MEN BY THESE PRESENTS:

1. I, Peter L. Smith, am a natural person and reside at 106 Morningside Drive, Longmeadow, Massachusetts 01106.

2. I am a practicing attorney in the Commonwealth of Massachusetts with my principal place of business at Paroshinsky Law Offices, 1214 Main Street, Springfield, Massachusetts, 01103.

3. I was admitted to practice law on December 22, 1983.

4. For over ten (10) years, the primary concentration of my law practice has related to special education.

5. I currently represent eighteen (18) school districts from Williamstown to Holliston, Massachusetts, regarding special education litigation.

6. Currently, I am appointed Guardian ad Litem/Educational Advocate for approximately thirty five (35) special needs youngsters in Hampden and Franklin County.

7. I currently represent over twenty (20) parents privately on behalf of their special needs children.

8. I have given numerous workshops and lectures on special education related issues to Superintendents, Special Education Directors, Administrators of Special Education, Educational Advocates, Probation Officers, Teachers and Parents.

9. I have served on Department of Education and Bureau of Special Education Appeals committees related to special education issues.

10. I have litigated many cases before the Bureau of Special Education Appeals and the federal court during the past ten years.

11. My current fees for representation in special education matters are $100.00 per hour for time reasonably spent out of court and $125.00 per hour for time reasonably spent directly before the Bureau of Special Education Appeals.

12. The current rates of other attorneys in Western Massachusetts who specialize in educational litigation are between $105.00/hour to $175.00.

Dated: January 2, 1997

Peter L. Smith, Esquire
Paroshinsky Law Offices
1214 Main Street
Springfield, MA 01103
(413) 733-7871
BBO#: 542544

COMMONWEALTH OF MASSACHUSETTS

Then personally appeared before me the above-named Peter L. Smith and acknowledged the foregoing to be his free act and deed.

Dated: January 2, 1997

Notary Public
My Commission Expires: 8/28/03

2

**EXHIBIT B**

<u>COMMONWEALTH OF MASSACHUSETTS</u>
<u>SPECIAL EDUCATION APPEALS</u>
<u>350 Main Street</u>
<u>Malden, MA 02148</u>

## <u>REQUEST FOR HEARING</u>

## <u>PLEASE READ INSTRUCTIONS CAREFULLY</u>

1. Complete all items below.

2. A copy of this Request must be sent to the opposing party.

### A Hearing is Requested For:

1. BSEA Case Number (if applicable):

2. Student's Name:       Kaitlyn Tharaldson DOB 3/14/89

   Student's Address:    182 Poplar Street

                         Chicopee, MA 01013

3. Print Name of Person Requesting the Hearing:   Derek M. Beaulieu, Esq.


_____ Parent        X____Attorney        _____Guardian Ad Litem (Educational)


4. Addresses:

   a. Parents (if different addresses, provide the addresses for both parents)

   David and Diane Tharaldson
   182 Poplar Street
   Chicopee, MA 01013

b. Name and Address of Child's Attorney

> Derek M. Beaulieu, Esquire
> 1242 Main Street, Suite 306
> Springfield MA 01103

c. Provide the Name & Address of the Special Education Administrator

> Daniel Schreier
> Special Education Director
> 180 Broadway
> Chicopee, MA 01020

d. Name and Address of the School Department Attorney

> Claire Thompson, Esq.
> Doherty, Wallace, Pillsbury & Murphy, P.C.
> One Monarch Place Suite 1900
> Springfield, MA 01144-1900

## List the Issues that are in Dispute:

Whether or not the Chicopee Public School District has an appropriate program in which to provide Kaitlyn Tharaldson with her right to a free appropriate public education.

Kaitlyn is a 14-year-old student. She recently completed the 8th grade at Fairview Middle School in Chicopee, Massachusetts.

A neuropsychological evaluation was completed in 1996 at Baystate Medical Center. Her parents requested the evaluation due to concerns expressed by school personnel that Kaitlyn was experiencing difficulty reading, concentrating, and with separation anxiety. At that time the evaluation found that Kaitlyn had average intellectual ability, but was experiencing mild words finding difficulties and sequencing problems along with attention/concentration problems.

In 1998, Kaitlyn was evaluated by the Curtis Blake Center due to continued concerns with reading and written expression. The Curtis Blake evaluation indicates that measures of verbal learning and memory resulted in age appropriate scores. Phonological coding deficits were present, specifically encoding and producing phonological sequences. There were delays in automatic word recognition and word retrieval. Kaitlyn's reading comprehension showed dysfluency and a slow reading rate.

2

The WISC-III was administered in 1999 as part of the three-year re-evaluation. The WISC III showed that Kaitlyn's overall cognitive abilities were in the average range (FSIQ=96). However, this evaluation showed a major discrepancy between her nonverbal reasoning abilities (PIQ 106) and her verbal reasoning abilities (VIQ=88). Weaknesses were also evidenced in arithmetic, word identification, word comprehension and decoding.

The WIAT was administered by the Chicopee Public School's Psychologist, Melissa Mannello, in December 2002. Results indicate that she is achieving in the average to borderline range when compared to other children her age. Kaitlyn performed in the borderline range in overall reading skills. Her Reading composite score was 77. Her performance score was 74 and is commensurate with her performance on tasks measured by her ability to read nonsense words. Her reading speed falls in the average to below average range. She had difficulty when asked to draw conclusions, use context to determine word meaning, recognize implied cause and effect, and make inferences. Her math skills fall in the low average range or 13th percentile, as indicated in a Math Composite score of 83.

Ms. Melissa Mannello also performed The Piers-Harris Children's Self- Concept Scale. This evaluation reveled that Kaitlyn described herself as someone who worries a lot and is nervous. The Revised Children's Manifest Anxiety Scale showed that Kaitlyn's anxiety levels are elevated.

The Instructional Evaluation Results show that Kaitlyn's reading and decoding skills fall in the beginning 4th grade level. Her ability to sound out unfamiliar or nonsense words is less developed and falls at an ending 2nd grade level. Her math and numerical reasoning skills fall in the 5th-6th grade range.

As a result of Ms. Mannello's evaluation the parent's sought out Dr. Robert L. Kemper to perform a Psycholinguistic Evaluation. Dr. Kemper evaluated Kaitlyn in April 2003 and performed extensive testing. He notes that Kaitlyn has a specific language-based learning disability. As quoted in his report on page 11, " Overall today's test findings have revealed that Kaitlyn presents with a language-based learning disability, subsumed under which are disorders of reading and written expression. In addition, underlying oral language problems in the areas of lexical application and expressive syntax have contributed to, and exacerbated, Kaitlyn's learning disability."

3

Dr. Kemper recommends that Kaitlyn be educated with the context of a substantially separate, multi-sensory, language-intensive program. "The purpose of which would be to provide direct, remedial, instructional methodologies that allow children with significant language disorders to learn effectively and efficiently via a multisensory presentation of information." He goes on to recommend that "Kaitlyn's multisensory, structured language program will need to be implemented within the context of a substantially separate school that is devoted to addressing the needs of children who have significant language impairments. Student/teacher ratio should be small (a maximum of 8:1) in which direct teaching is performed in a systematic manner, with continuous review of previously learned information and the teaching of skills across various contexts, in order to facilitate generalization effects. It is extremely important that all of Kaitlyn's teachers have the training necessary to provide instruction in a multisensory, structured language program setting. In addition, Kaitlyn will continue to require a daily, individual tutorial in which a multisensory, code emphasis program is provided for reading, spelling, and written language instruction."

The School District does not agree with the findings of any of these professions. The IEP offered for the 2003-2004 School Year seeks to place Kaitlyn in a program that will offer some reading pullout. The School District will be using the program READ 180 to remediate Kaitlyn's disability. The parents assert that the program offered by the School District is not intensive enough. The parents also assert that READ 180 is not a program that is designed to effectively remediate the type of disability Kaitlyn has. Moreover, the School District's program and IEP fail to provide real services, methodologies and the intensity Kaitlyn needs in order for her to achieve FAPE. The IEP offered continues the Chicopee Public School's pattern of placing Kaitlyn is academic situations where she will continue to lose academic ground and self-esteem.

4

**The Requested Relief:**

WHEREFORE, the Petitioner respectfully requests the Bureau of Special Education Appeals to grant her the following relief:

1. The Petitioner is seeking a declaratory judgment that the Chicopee Public School District's IEP and program proposed for Kaitlyn are not appropriate.
2. The Petitioner is seeking a declaratory judgment that the Chicopee Public Schools have failed to find Kaitlyn's disabilities and properly provide her special education instruction in which to remediate her disabilities.
3. The Petitioner is seeking a declaratory judgment that Kaitlyn should be placed in an intensive Language Based Program as described by Dr. Robert Kemper, in order for her to receive her right to a Free Appropriate Public Education as defined by the Individuals with Disability Education Act.

Date: June 30, 2003

_____
Signature of Person Requesting Hearing

5

**EXHIBIT C**

April 7, 2004

# COMMONWEALTH OF MASSACHUSETTS

Bureau of Special Education Appeals

Nelida[1]
vs.
Chicopee Public Schools

BSEA # 04-0093

BEFORE

LINDSAY BYRNE, HEARING OFFICER

DEREK BEAULIEU, ATTORNEY FOR PARENTS
CLAIRE THOMPSON, ATTORNEY FOR CHICOPEE PUBLIC SCHOOLS

---

[1] Nelida is a pseudonym selected by the Hearing Officer to protect the privacy of the Student in publicly available documents.

# COMMONWEALTH OF MASSACHUSETTS

### *Bureau of Special Education Appeals*

In Re:  Nelida[1]
&
Chicopee Public Schools

BSEA#04-0093

## DECISION

This decision is issued pursuant to M.G.L. 71B and 30A, 20 U.S.C. § 1401 et seq., 29 U.S.C. 794 and the regulations promulgated under those statutes. A hearing was held on January 29th and 30th, and February 3rd and 4th, 2004, at the offices of Catuogno Reporting Services in Springfield, MA. Those present for all or part of the hearing were:

| | |
|---|---|
| | Mother |
| | Father |
| Jodi Rosol | Therapist, Mt. Tom Mental Health Center |
| Robert Kemper | Speech-Language Pathologist, Psycholinguistics Associates |
| David Drake | Headmaster, White Oak School |
| Susan Edgerly | Admissions Director, White Oak School |
| Tiffany Drumm | Tutorial Teacher, White Oak School |
| Judith Souweine | Psychologist |
| Andrea Cameron | Inclusion Teacher, 8th Gr., Chicopee Public Schools |
| Debra Schneeweis | Middle School Special Education Supervisor, Chicopee Public Schools |
| Janice Walsh | Special Education Teacher, Chicopee High School |
| Andrea Stolar | Special Education Supervisor, Chicopee High School |
| Daniel Schreier | Director of Special Education, Chicopee Public Schools |
| Andrea McGovern | Advocate for Parents |
| Derek Beaulieu | Attorney for Parents |
| Claire Thompson | Attorney for School |
| Lindsay Byrne | Hearing Officer, BSEA |

---

[1] Nelida is a pseudonym selected by the Hearing Officer to protect the privacy of the Student in publicly available documents.