IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Case Number: 04-30086-KPN

KAITLYN T., DAVID THARALDSON,
DIANE THARALDSON,
   Plaintiffs

v.

CHICOPEE PUBLIC SCHOOLS and THE
CITY OF CHICOPEE,
   Defendants



## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

### PARTIES

1. The Defendants admit the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Plaintiffs' Complaint but call upon the Plaintiffs to prove the same.

3. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Plaintiffs' Complaint but call upon the Plaintiffs to prove the same.

3.(sic) In response to Paragraph 3 (sic) the Defendants admit that the City of Chicopee is a municipality of the Commonwealth of Massachusetts but deny the remaining allegations in Paragraph 3.

4. In response to Paragraph 4, the Defendants admit that the Chicopee Public Schools is responsible for educating its students consistent with state and federal law, including special

225826-1

education services where deemed appropriate by a student's special education TEAM but deny all remaining allegations in Paragraph 4.

## JURISDICTION

5. The Defendants admit the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

## FACTS

6. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Plaintiffs' Complaint but call upon the Plaintiffs to prove the same.

7. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Plaintiffs' Complaint but call upon the Plaintiffs to prove the same.

8. In response to Paragraph 8, the Defendants admit that the Parents filed a Request for Hearing with the Bureau of Special Education Appeals but deny that such request occurred on June 30, 2001.

9. In response to Paragraph 9 A., B. and C., the Defendants state that no response is required since Paragraph 9 fails to set forth any allegations against the Defendants but merely reiterates the substance of the Parents' Request for Hearing.

10. In response to Paragraph 10, the Defendants state that no response is required since Paragraph 10 fails to set forth any allegations against the Defendants but merely reiterates the substance of the Parents' Request for Hearing.

11. In response to Paragraph 11, the Defendants state that no response is required since Paragraph 11 fails to set forth any allegations against the Defendants but merely reiterates the substance of the Parents' Request for Hearing.

12. In response to Paragraph 12, the Defendants state that no response is required since Paragraph 12 fails to set forth any allegations against the Defendants but merely reiterates the substance of the Parents' Request for Hearing.

13. In response to Paragraph 13, the Defendants state that, at the August 22, 2003 Prehearing Conference before the Bureau of Special Education Appeals, Chicopee offered to have its program observed by an expert in the area of language-based learning disabilities to determine if there were any deficiencies in the program. Believing that the parents were in agreement with this proposal, Chicopee retained the services of Dr. Judith Souweine who agreed to observe Chicopee's 9th Grade Academy Program, to meet with the parents and their advocates, and to provide recommendations to both parties. Rather than cooperate with this process, the Parents unilaterally placed the student at the White Oak School in Westfield. The Defendants further state that, at the August 2003 Prehearing Conference Chicopee offered to provide the student with an additional after-school tutorial using the Orton-Gillingham approach requested by the Parents and further clarified that the student's READ 180 services would be extended to a full 90 minutes per day of reading remediation. The Defendants deny that the parties were unable to come to an agreement on that date.

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Plaintiffs' Complaint but call upon the Plaintiffs to prove the same.

15. In response to Paragraph 15, the Defendants admit that an evidentiary hearing occurred before the Bureau of Special Education Appeals on January 29th and 30th and February 3rd and 4th of 2004 before Hearing Officer Lindsay Byrne. The Defendants are without knowledge regarding the remaining allegations in Paragraph 15 of the Plaintiffs' Complaint, but call upon the Plaintiffs to prove the same.

16. The Defendants deny that the Plaintiffs were granted all relief requested in their Request for Hearing and state that they have filed a Complaint for Judicial Review of the decision entered by the Bureau of Special Education Appeals on or about April 7, 2004..

17. In response to Paragraph 17, the Defendants state that no response is required since Paragraph 17 merely quotes from the hearing officer's decision without raising any allegations against the Defendants. The Defendants further state that, to the extent that the court finds Paragraph 17 to raise allegations against the Defendants, all such allegations have been appealed in a Complaint for Judicial Review filed with this Court on May 6, 2004, Civil Action No: 04-30087-MAP. The Defendants further state that the BSEA decision referenced in Paragraph 17 is unsupported by substantial evidence, unwarranted by the facts on the record, arbitrary or caprious, an abuse of discretion, or otherwise not in accordance with law, thereby requiring this Court to set aside the Order under Mass. General Laws Chapter 30A §7.

18. In response to Paragraph 18, the Defendants state that no response is required since Paragraph 18 merely quotes from the hearing officer's decision without raising any allegations against the Defendants. The Defendants further state that, to the extent that the court finds Paragraph 18 to raise allegations against the Defendants, all such allegations have been appealed in a Complaint for Judicial Review filed with this Court on May 6, 2004, Civil Action No: 04-30087-MAP. The Defendants further state that the BSEA decision referenced in Paragraph 18 is unsupported by substantial evidence, unwarranted by the facts on the record, arbitrary or caprious, an abuse of discretion, or otherwise not in accordance with law, thereby requiring this Court to set aside the Order under Mass. General Laws Chapter 30A §7.

19. In response to Paragraph 19, the Defendants state that no response is required since Paragraph 19 merely quotes from the hearing officer's decision without raising any

allegations against the Defendants. The Defendants further state that, to the extent that the court finds Paragraph 19 to raise allegations against the Defendants, all such allegations have been appealed in a Complaint for Judicial Review filed with this Court on May 6, 2004, Civil Action No: 04-30087-MAP. The Defendants further state that the BSEA decision referenced in Paragraph 19 is unsupported by substantial evidence, unwarranted by the facts on the record, arbitrary or caprious, an abuse of discretion, or otherwise not in accordance with law, thereby requiring this Court to set aside the Order under Mass. General Laws Chapter 30A §7.

20. In response to Paragraph 20, the Defendants state that no response is required since Paragraph 20 merely quotes from the hearing officer's decision without raising any allegations against the Defendants. The Defendants further state that, to the extent that the court finds Paragraph 20 to raise allegations against the Defendants, all such allegations have been appealed in a Complaint for Judicial Review filed with this Court on May 6, 2004, Civil Action No: 04-30087-MAP. The Defendants further state that the BSEA decision referenced in Paragraph 20 is unsupported by substantial evidence, unwarranted by the facts on the record, arbitrary or caprious, an abuse of discretion, or otherwise not in accordance with law, thereby requiring this Court to set aside the Order under Mass. General Laws Chapter 30A §7.

21. In response to Paragraph 21, the Defendants are without knowledge regarding the attorney's fees incurred by the Parents from June 23, 2003 to May 3, 2004 and deny that the Parents are entitled to reimbursement of any attorney's fees or expenses incurred by the Parents in the underlying Bureau of Special Education Appeals matter and/or any potential attorney's fees associated with litigating this appeal.

## LEGAL CLAIM

22.  The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 21 of this Answer as if fully set forth herein.

## REQUESTED RELIEF

WHEREFORE, the Defendants respectfully request that this Honorable Court deny the relief requested by the Plaintiffs in their complaint for attorney's fees and expert costs.

## FIRST AFFIRMATIVE DEFENSE

The Defendants state that this Complaint should be dismissed since it fails to set forth a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendants state that this Complaint should be dismissed since it was not filed and/or served within the applicable statute of limitations or time required.

## THIRD AFFIRMATIVE DEFENSE

The decision rendered by the Bureau in the underlying matter is unwarranted by the facts on the record to be submitted for judicial review thereby requiring the Court to set aside the decision under M.G.L. Chapter 30A, §7.

## FOURTH AFFIRMATIVE DEFENSE

The BSEA decision rendered in the underlying matter is unsupported by substantial evidence thereby requiring the Court to set aside the decision pursuant to Mass. General Laws Chapter 30A §(7).

## FIFTH AFFIRMATIVE DEFENSE

The Bureau's decision in the underlying BSEA matter was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law, thereby requiring the Court to set aside the order under M.G.L. Chapter 30A, §7.

## SIXTH AFFIRMATIVE DEFENSE

The Defendants hereby give notice that they intend to rely upon such other defenses as become apparent throughout the discovery process and hereby reserve the right to amend their Answer.

THE DEFENDANTS,
CHICOPEE PUBLIC SCHOOLS and
THE CITY OF CHICOPEE
BY THEIR ATTORNEY

By *Claire L. Thompson*
Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
& Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Phone: (413) 733-3111
Fax: (413) 734-3910
Dated: May 13, 2004                              B.B.O. No: 550262

## CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with F.R.C.P., on May 13, 2004.

*Claire L. Thompson*
Claire L. Thompson

225826-1                                7