UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAITLYN T.; DAVID THARALDSON; DIANE THARALDSON<br><br>**Plaintiffs**<br><br>v.<br><br>CHICOPEE PUBLIC SCHOOLS and THE CITY OF CHICOPEE<br>**Defendants** | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-30086<br>)<br>)<br>)<br>)<br>)<br>) |

**SUPPLEMENTAL COMPLAINT FOR ATTORNEY'S FEES**

**PARTIES**

1   The Plaintiff, Kaitlyn T., resides at 182 Poplar Street, Chicopee, Massachusetts and she is the minor child of Mr. David Tharaldson and Mrs. Diane Tharaldson.

2   The Plaintiff, David Tharaldson, is a natural person residing at 182 Poplar Street, Chicopee, Massachusetts and is a citizen of the United States.

3   The Plaintiff, Diane Tharaldson, is a natural person residing at 182 Poplar Street, Chicopee, Massachusetts and is a citizen of the United States.

3.   The Defendant, the City of Chicopee, is a municipality of the Commonwealth of Massachusetts and has ultimate responsibility for funding the school programs and associated costs in the City of Chicopee.

4.   The Defendant, Chicopee Public Schools is the body charged with providing special education services to Kaitlyn T., the minor child of the plaintiffs.

**JURISDICTION**

5.   This Honorable court has jurisdiction over this matter pursuant to 20 U.S.C. Ch. 33 §1415 (i)(3)(A).

## FACTS

6. On June 23, 2003 the Plaintiffs David and Diane Tharaldson consulted with Attorney Derek M. Beaulieu regarding representing their daughter Kaitlyn T. At that time Kaitlyn was a 14-year-old student who recently completed the 8th grade at Fairview Middle School in Chicopee, Massachusetts.

7. On or about June 23, 2003, the Plaintiffs retained Derek M. Beaulieu as counsel due to his expertise in the area of special education law at the prevailing rate of one hundred and twenty-five ($125.00) dollars per hour. *Please find attached hereto as Exhibit A, and incorporated by reference, copies of Affidavits from attorneys practicing in the law in this area.*

8. On June 30, 2001, the Parents, via their attorney, filed a Request for Hearing with the Bureau of Special Education Appeals against the Chicopee Public Schools. *Please find attached hereto as Exhibit B, and incorporated by reference, a copy of Parents Request for Hearing with the Bureau of Special Education Appeals.*

9. In the Request for Hearing the Plaintiffs make full mention Dr. Kemper's evaluation of Kaitlyn in April 2003. The Plaintiffs assert that Kaitlyn has a specific language-based learning disability and requires the services mentioned by Dr. Kemper in his evaluation. The Request for Hearing specifically states as follows:

    A. "Dr. Kemper recommends that Kaitlyn be educated with the context of a substantially separate, multi-sensory, language-intensive program. The purpose of which would be to provide direct, remedial, instructional methodologies that allow children with significant language disorders to learn effectively and efficiently via a multisensory presentation of information."

    B. "That "Kaitlyn's multisensory, structured language program will need to be implemented within the context of a substantially separate school that is devoted

2

      to addressing the needs of children who have significant language impairments. Student/teacher ratio should be small (a maximum of 8:1) in which direct teaching is performed in a systematic manner, with continuous review of previously learned information and the teaching of skills across various contexts, in order to facilitate generalization effects, It is extremely important that all of Kaitlyn's teachers have the training necessary to provide instruction in a multisensory, structured language program setting."

  C. "Kaitlyn will continue to require a daily, individual tutorial in which a multisensory, code emphasis program is provided for reading, spelling, and written language instruction."

10. The Plaintiffs also asserted in their Request for Hearing that the IEP offered for the 2003-2004 School Year by the Chicopee Public Schools was grossly inappropriate. The Plaintiff's specifically stated that the "IEP seeks to place Kaitlyn in a program that will offer some reading pullout. The School District will be using the program READ 180 to remediate Kaitlyn's disability. The parents assert that the program offered by the School District is not intensive enough. The parents also assert that READ 180 is not a program that is designed to effectively remediate the type of disability Kaitlyn has."

11. The Petitioner's also asserted that "…the School District's program and IEP fail to provide real services, methodologies and the intensity Kaitlyn needs in order for her to achieve FAPE. The IEP offered continues the Chicopee Public School's pattern of placing Kaitlyn is academic situations where she will continue to lose academic ground and self-esteem."

12. The Petitioner specifically requested the following relief:

1. The Petitioner is seeking a declaratory judgment that the Chicopee Public School District's IEP and program proposed for Kaitlyn are not appropriate.

2. The Petitioner is seeking a declaratory judgment that the Chicopee Public Schools have failed to find Kaitlyn's disabilities and properly provide her special education instruction in which to remediate her disabilities.

3. The Petitioner is seeking a declaratory judgment that Kaitlyn should be placed in an intensive Language Based Program as described by Dr. Robert Kemper, in order for her to receive her right to a Free Appropriate Public Education as defined by the Individuals with Disability Education Act.

13. On August 22, 2003, the parties met before the Bureau of Special Education Appeals in Worcester Massachusetts. The Parties were unable to come to an agreement on that date. The Chicopee Public Schools was notified at the Hearing before the Hearing officer that the parents were considering placing Kaitlyn unilaterally at the White Oak School.

14. On August 26, 2003, by letter dated August 26, 2003, the Parents informed the Chicopee Public Schools, pursuant to 20 U.S.C. § 1412 and the regulations promulgated at 34 C.F.R. 300:403, that they were enrolling Kaitlyn at the White Oak School for the 2003-2004 school year, with the intent of seeking reimbursement for said placement by Chicopee Public Schools, before the Bureau of Special Education Appeals, on the basis that it is the appropriate placement.

15. Hearing was held before the Bureau of Special Education Appeals on January 29th and 30th and February 3rd and 4th of 2004 before Hearing Officer Lindsay Byrne. The parents paid two thousand and thirty-five ($2035.00) dollars to Dr. Robert Kemper for his evaluation and for his testimony at the hearing.

16. On or about April 7, 2004, the Bureau of Special Education Appeals issued a decision finding for the Plaintiffs granting all relief requested in their Request for Hearing. *Please find attached hereto as Exhibit C, and incorporated by reference, a copy of the BSEA Decision dated April 7, 2004.*

4

17. The Hearing Officer held, with respect to the second enumerate request for relief in the Petitioner Request for Hearing, that: "The evidence in this hearing established that READ 180 is a new, exciting, engaging computer assisted tool for developing reading fluency in disadvantaged students attending large public school systems. There is no evidence, however, that it is a targeted, rule based, phonetic system designed to remediate individual reading disabilities."

18. The Hearing Officer held, with respect to the first enumerate request for relief in the Petitioner Request for Hearing, that "The proposed 2003-2004 IEP as a totality I find that neither the setting, nor the services, proposed by Chicopee meet the recommendations outlined in Dr. Kemper's report… therefore that Chicopee did not propose an IEP that was reasonably calculated to provide the Student with a free, appropriate public education."

19. The Hearing Officer held, with respect to the third enumerate request for relief in the Petitioner Request for Hearing, that "[t]here is no dispute that the program in which the Student is enrolled at the White Oak School provides all the elements recommended by Dr. Kemper."

20. The Order of the Decision states in full: "The 2003-2004 IEP proposed by Chicopee is not reasonably calculated to provide a free, appropriate public education to [Kaitlyn]. The White Oak School meets the recommendations of the Evaluators in the record, and the Parents' unilateral placement of the Student there in 2003, was appropriate and justified. The Parents are entitled to reimbursement of all out-of-pocket expenses associated with the Student's placement at the White Oak School for the 2003-2004 school year."

21. In total the parent's attorney's fees from June 23, 2003 to May 3, 2004 equals twenty thousand four hundred and four ($20,404.32) dollars and thirty-two cents. Parents assert that they are entitled to these attorney's fees and all other attorney's fees associated with

the filing of this claim for attorney's fees, and any potential attorney's fees associated with litigating this issue on appeal. *Please find attached hereto as Exhibit D, and incorporated by reference, a copy of the legal services incurred between the dates provided above.*

22. On or about May 6, 2004, Chicopee Public Schools filed an Appeal of the BSEA Decision 04-0093, in the United Stated Federal District Court of Massachusetts.

23. Along with the Appeal the Chicopee Public Schools sought to stay the underlying decision. As such the School District asserted that it did not have an obligation to assume responsibility for Kaitlyn at the White Oak School, nor did it have an obligation to provide transportation.

24. On or about May 13, 2004 the Parents attorney filed a Motion for Non-compliance asserting that the Chicopee Public School could not stay the BSEA decision pursuant to well settled law within the First Circuit and United States Supreme Court.

25. On or about May 21, 2005 the BSEA convened for a hearing on the issues and took oral testimony.

26. On or about May 21, 2004 the BSEA rendered a Ruling for the Parents on all issues. *Please find attached hereto the BSEA Ruling dated May 21, 2005.*

27. Immediately thereafter the Chicopee Public Schools began providing transportation and acknowledged that it was obligated to pay for the remainder of that year's tuition for the White Oak School.

28. Although the Chicopee Public Schools acknowledged that it was obligated to reimburse the parents pursuant to the underlying decision for transportation services they provided for the 2003-2004 school year, they refused to reimburse the parents for the requested amount.

29. The Parents subsequently brought a Second Motion for Non-Compliance regarding the reimbursement for transportation. Parents asserted in that motion that they were entitled to 34 cents and hour and were entitled to two round trips per day. The School District asserted that the rate should be 28 cents per mile and that the parents were only entitled to be reimbursed for the time the child was in the vehicle, namely one trip to school and one trip home.

30. On September 23, 2004 the BSEA convened the parties for hearing on the transportation issues.

31. On January 4, 2005 the BSEA issues its decision finding for the Parents that they were entitled to two round trips per school day. The BSEA found for the School District regarding the rate of 28 cents per mile.

32. The parents are entitled to prevailing party status with respect to this Decision in that they prevailed on a major issue of the case. The amount was dramatically changed by adding an additional 30 miles per day, as opposed to the *de minimums* decrease from 34 cents to 28 cents.

33. As stated above, on or about May 6, 2004, the Chicopee Public Schools filed an Appeal of the underlying BSEA Decision.

34. The parent's attorney was forced to file many memorandums in opposition to the School Districts Motions to Stay, and Motions for Additional Evidence.

35. The parents attorney was also forced to file a Motion for Summary Judgment approximately 42 pages in length in response to the School District's voluminous Motion for Summary Judgment.

36. On March 21, 2005 the parties appeared before Judge Ponsor of the United States District Court for oral argument on their motions.

37. On March 23, 2005 Judge Ponsor issued a Judgment in favor of the Parents, as such making them the prevailing parties.

38. On or about May 6, 2004 the Parents filed their Complaint for Attorney Fees resulting from the underlying BSEA action.  Since May of 2004, the parents have incurred the additional attorney fees from the above mentioned appeal and the above mentioned non-compliance hearings, and attorney fees spent on collecting the attorney's fees.  The parents have also incurred that costs associated with filing this action,

## LEGAL CLAIM

39. The plaintiffs repeat and reallege paragraphs 1 through 37 and incorporate them herein and assert that pursuant to 20 U.S.C. Chapter 33 §1415 (i) (3) (B), the Plaintiffs are the "prevailing party" and as such are entitled to an award of reasonable Attorney's Fees and costs.

## REQUESTED RELIEF

WHEREFORE, the plaintiffs respectfully request that this honorable Court grant them the following relief:

1. Order the Defendants to pay the Parent's attorney's fees in the amount twenty thousand four hundred and four ($20,404.32) dollars and thirty-two cents as the prevailing party on the BSEA 04-0093(a).

2. Order the Defendants to pay the Plaintiff's for their expenditures associated with obtaining Dr. Kemper's Evaluation and Testimony at Hearing in the amount of two thousand and thirty-five ($2035.00) dollars as it was a cost of litigation associated with prevailing on BSEA matter 04-0093(a).

3. Order the Defendants to pay the Parent's attorney's fees in the amount four thousand nine hundred ($4,900.00) dollars as the prevailing party on the BSEA Ruling 04-0093 and BSEA Decision 04-0093(b).

4. Order the Chicopee Public Schools to pay the Parent's attorney's fees in the amount fifteen thousand and eighty seven ($15,087.25) dollars and twenty five cents as the prevailing party on Appeal 04-30087 brought by the Chicopee Public Schools against the parents.

5. Order the Chicopee Public Schools to pay the Parent's one thousand four hundred and eight six ($1,486.25) dollars and twenty five cents on matter 04-30086, for attorney's fees incurred with the filing this action for attorney's fees.

6. Order the Chicopee Public Schools to pay the Parent's one hundred and fifty ($150.00) dollars on matter 04-30086, for filing fees incurred with the filing this action for attorney's fees.

7. Such other relief as this honorable court deems necessary and proper.

                                          Respectfully submitted,
                                          The Plaintiffs,
                                          By their attorney

April 19, 2005                          **/s/ Derek M. Beaulieu**
                                          Derek M. Beaulieu, Esq.
                                          1242 Main Street, Suite 306
                                          Springfield, MA 01103
                                          BBO# 644185