COMMONWEALTH OF MASSACHUSETTS

*Bureau of Special Education Appeals*

In Re:  Nelida[1] and the Chicopee Public Schools
        #04-0093

## Ruling on Motion

This matter comes before the Hearing Officer on the Parents' Motion for Compliance with the BSEA Decision issued in their appeal on April 7, 2004. The Parents aver that Chicopee has refused to implement the decision finding that the parents' unilateral placement at the White Oak School was justified because Chicopee's proposed 2003-2004 IEP was not reasonably calculated to provide a free, appropriate public education to the Student. In particular the parents argue that Chicopee declined to provide transportation to the Student, and to assume responsibility for tuition payments to White Oak after the Bureau's decision had issued. Chicopee asserts that its obligations under the Bureau's decision are limited to reimbursing parents for their 2003-2004 out-of-pocket expenses, and that by filing an appeal and a request for a stay of the Bureau's decision in federal court, Chicopee is relieved of compliance with the Bureau's decision in any other respect.

A hearing was held on the Parents' Motion for Compliance on May 21, 2004, at the Offices of Catuogno Reporting Services in Springfield, MA.

The law is well settled in this area. Massachusetts special education regulations provide: "the decision of the hearing officer of the Bureau of Special Education Appeals shall be implemented immediately…" 603 CMR 28.08(6). M.G.L. c. 30A § 14; See also: 20 U.S.C. 1415 (i); "Effect of Bureau Decision and Rights of Appeal" attached to April 7, 2004, Decision in #04-0093.

The mere filing of an appeal in state or federal court, including a Motion to Stay Implementation of an Administrative Decision, does not operate as an automatic stay of the Bureau's substantive placement decision. Quite to the contrary it is equally well settled that while an appeal of a Bureau's administrative decision is pending before a state or federal court, the student remains in her then current educational placement.

> "If the decision of the hearing officer in a due process hearing…agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State or local agency and the parents…

---

[1] Nelida is a pseudonym selected by the Hearing Officer to maintain the privacy of the Student in publicly available documents.

20 U.S.C § 1415 (j); 34 CFR 300.541 (c). The interpretive notes to the federal regulations provide:

> Paragraph (c) is based on longstanding judicial interpretation of the Act's pendency provision that when a State hearing officer's or State review official's decision is in agreement with parents that a change in placement is appropriate, that decision constitutes an agreement by the State agency and the parents for purposes of determining the child's current placement during subsequent appeals, See, e.g., Burlington School Committee v. Dept. of Education, 471 U.S. 359, 371 (1985): Susquentia School District, Raelee S., 96 F. 3d 78, 84 (3rd Cir. 1996); Clovis Unified v. Office of Administrative Hearings, 903 F. 2d 635, 641 (9th Cir. 1990). Paragraph (c) of this section incorporates this interpretation. However, this provision does not limit either party's right to seek appropriate judicial review under § 300.512, it only shifts responsibility for maintaining the parent's proposed placement to the public agency while an appeal is pending in those instances in which the State hearing officer or State review official determines that the parent's proposed change of placement is appropriate.

Massachusetts and federal special education regulations leave no doubt that a Student's post-hearing "current placement" is the one found appropriate by an administrative due process officer when the parents agree. 603 CMR 28.08 (7)(d) 34 CFR 300.514 (c)[2]. As the Bureau decided as a substantive matter in the instant case both that the 2003-2004 IEP proposed by Chicopee did not provide FAPE to Nelida, and that the parents' unilateral placement at the White Oak School did, Nelida's "current placement" is the White Oak School. While the Bureau's decision specifically ordered Chicopee to reimburse the parents for expenses incurred as a result of their daughter's unilateral placement, it did not, admittedly, specifically order Chicopee to assume programmatic, financial, and logistical responsibility for the Student's White Oak placement as of the date of the decision. This happened by operation of law. See e.g. Burlington v. Dept. of Ed., 736 F. 2d 773, 800 (1st Cir. 1984).

Therefore I find and order the following:

1. Nelida's "current placement" is the White Oak School;
2. Chicopee is responsible for ensuring the provision of a free, appropriate public education to Nelida at the White Oak School throughout the 2003-2004 school year. This responsibility includes:
    a) reimbursing the parents for all their out-of-pocket expenses associated with Nelida's attendance at the White Oak School during the 2003-2004 school year;
    b) assuming financial responsibility for any unpaid 2003-2004 tuition, fee, or book charges incurred by the Student as a result of her attendance at the White Oak School;
    c) assuming financial responsibility for transportation charges and/or arranging for transportation services to and from the White Oak School for the Student;

---

[2] See e.g. Town of Burlington v. Dept. of Education, 736 F.2d 773 (1st Cir. 1984); Sebastain K. v. Massachusetts Department of Education, 2 MSER 248 (D. Mass 1996).

2

    d) providing programmatic oversight and ensuring that the procedural protections guaranteed to the Student and her parents under M.G.L. c. 71B and 20 U.S.C. 1401 et seq are in fact accorded to them by Chicopee, and by Chicopee's surrogate, the White Oak School.

3. Nelida's "current placement" at White Oak will continue in effect during further judicial review proceedings unless and until the parents agree otherwise or a court orders a change in placement.

4. The parents will submit an itemized bill, with supporting documentation, reflecting their out-of-pocket expenses associated with Nelida's White Oak placement to Chicopee no later than June 4, 2004.

5. The parties will submit written status reports to the Bureau documenting compliance with the Decision of April 7, 2004, and with this Order, no later than June 14, 2004.

    The substance of this ruling was conveyed to the parties at the Compliance Hearing on May 21, 2004. At that time Chicopee indicated its intent to immediately comply with the Bureau's Final Decision and this Order.

_____      _____

Date:                                                          Lindsay Byrne, Hearing Officer