IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Case Number: 04-30086-KPN

KAITLYN T., DAVID THARALDSON,
DIANE THARALDSON,
    Plaintiffs

v.

CHICOPEE PUBLIC SCHOOLS and THE
CITY OF CHICOPEE,
    Defendants

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SUPPLEMENTAL COMPLAINT FOR ATTORNEY'S FEES AND TO REDUCE FEES SOUGHT IN ORIGINAL COMPLAINT

### Introduction

This matter arises out of a Complaint for Attorney's Fees incurred by the Plaintiffs in adjudicating a matter before the Bureau of Special Education Appeals of the Massachusetts Department of Education pursuant to 20 USC §1415, the Individuals with Disabilities Education Act (IDEA). The Plaintiffs filed their original complaint for attorney's fees on or about May 6, 2004. The only documentation of legal services produced in support of the Plaintiffs' complaint is attached as Exhibit A.[1]

On or about April 19, 2005, the Plaintiffs moved for leave to file a Supplemental Complaint for Attorney's Fees. The Plaintiffs' motion was allowed by the Court on or about May 10, 2005. To date, no further documentation of legal services and expenses rendered by

---

[1] The list attached as Exhibit A is deficient since it is neither detailed nor contemporaneously prepared.

225826.1

counsel for the Plaintiffs has been served on counsel for the Defendant.  Given the paucity of or complete lack of documentation of legal services expended in this litigation, the Defendant moves for dismissal of the Plaintiffs' Supplemental Complaint for Attorney's Fees.  Assuming that the Plaintiffs can produce detailed and contemporaneous records in support of Exhibit A, the Defendant moves for reduction of fees sought in the original complaint.

**Law and Argument**

The awarding of reasonable attorney's fees to a prevailing party under the IDEA is within the sound discretion of the Court.  It is axiomatic, however, that the plaintiff bears the burden of furnishing evidence to document the services provided; the burden is not on the defendant or the Court to seek out that evidence.  *Weinberger v. Great N. Nekoosa Corp.* 925 F.2d 518, 527 n. 11 (1st Cir. 1991); *Deary v. City of Gloucester*, 9 F. 3d 191 (1st Cir. 1993); *Handy v. Penal Institutions Commissioner of Boston,* 412 Mass. 759 (1992).

The Court employs a two-step process in determining the reasonableness of the fees sought by a prevailing plaintiff.  First, the Court determines the number of hours reasonably expended on the litigation, then multiplies that number by a reasonable hourly rate to determine the "load star" figure.  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983).  The Court must exclude hours that were not reasonably expended on the litigation.  *Id. at* 434, 103 S.Ct at 1939.  " It does not follow that the time *actually* expended is the amount of time *reasonably* expended."  *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980).

The party seeking fees has a duty to submit *detailed* and *contemporaneous* time records to document the hours spent on the case.  *Wojtkowski v. Cade,* 725 F.2d 127, 130-31 (1st Cir. 1984).  Copies of the actual time records must be submitted for the Court's scrutiny.  *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952, (1st Cir. 1984). "Where the documentation of hours in

inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). "Failure to document time might merit disallowal or at least drastic reduction, of a fee award." *Souza v. Southworth,* 564 F.2d 609, 612 (1st Cir. 1977).

The only supporting document submitted in this case is a list of services rendered from June 23, 2003 through May 3, 2004; absent are any reliable, detailed contemporaneous legal service bills or records. See Exhibit A. The list attached lacks the requisite detail to assist the Court in determining the reasonableness of each service and its applicability to the underlying hearing. For example, the entry for June 25, 2003 merely states: "Review of documents, call to Dr. Kemper". Counsel does not explain which documents were reviewed to enable the court and opposing counsel to assess the relevance of the service. The document also does not reflect the subject of the discussion with Dr. Kemper. See Exhibit A.

The telephone calls made on July 14, 2003, July 25, 2003, July 30th and 31st, August 12, 2003, August 18, 2003, August 25, 2003, September 19, 2003, October 6, 2003, October 14, 2003, November 7, 2003, November 10, 2003, December 9, 2003, December 10, 2003, January 5, 2004, January 13, 2004, January 20, 2004, January 23, 2004, January 28, 2004, February 2, 2004, February 18, 2004, February 23, 2004, and March 16, 2004 do not include the subject of the phone call. As such, the Court cannot assess the relevance of the calls in the underlying hearing.

The list attached also includes clerical services, rather than the services of an attorney. Specifically, Exhibit A references three hours of services on January 19, 2004 for "assembling supplemental exhibits/copying" a task which does not require a licensed attorney. The January 23, 2004 entry for .75 of an hour for "hand delivery of evidence to Attorney Thompson" reflects

the service of a messenger, rather than an attorney. On January 28, 2004, .25 of an hour was assessed for additional copying and mailing. See Exhibit A.

In other instances, such as the entry for June 27, 2003, the number of hours claimed (3.5) for the "drafting [of] BSEA complaint and cover ltr" is inconsistent with the actual work product which consists of a three and one-half page narrative. Exhibit A also contains an August 21, 2003 (2) hour entry for "review for prehearing conference". The entry does not indicate what was reviewed by counsel for two hours. The January 13, 2004 entry merely states: "Meeting with White Oak staff re: case" for 3.5 hours. It fails to identify with whom counsel met, the purpose of the meeting, and the nature of the discussion. We cannot determine whether any of the White Oak staff who participated in the meeting on January 13, 2004 were actually called as witnesses at hearing.

Counsel's documentation also does not include a fee agreement documenting the hourly rate, or any contemporaneous bills, invoices, or payment receipts for services rendered. The Plaintiffs also request reimbursement of a fee in the amount of $2,035.00 paid to Dr. Kemper for expert services without any documentation of the expense or the payment.

Further, the Plaintiffs have submitted no documentation of any kind for services alleged to have been rendered subsequent to May 3, 2004. Yet, they claim entitlement to a sum in excess of $20,000 for services rendered beyond that date. Clearly, the Plaintiffs have not complied with state and federal law setting forth the standard for reimbursement of attorney's fees, thereby requiring denial of the fees sought by virtue of their Supplemental Complaint for Attorney's Fees.

**Conclusion**

The Plaintiffs' application for attorney's fees and costs requires very close examination. The Court should proceed with particular caution before it requires Chicopee to pay for undocumented or poorly documented services without any contemporaneous proof that the services were actually rendered, and that they were relevant to any issue in contention in the underlying hearing. In numerous instances, the U.S. Supreme Court and the First Circuit has significantly reduced or denied legal fees which lack the requisite detailed and contemporaneous documentation. *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). *Wojtkowski v. Cade,* 725 F.2d 127 (1st Cir. (1984); *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945 (1st Cir. 1984); *Souza v. Southworth,* 564 F.2d 609 (1st Cir. 1977).

Dated:  May 31, 2005

THE DEFENDANTS,
CHICOPEE PUBLIC SCHOOLS and
THE CITY OF CHICOPEE
BY THEIR ATTORNEY

CERTIFICATE OF SERVICE

I certify that this document has been served upon all counsel of record in compliance with F.R.C.P., on May 31, 2005.

 */s/ Claire L. Thompson*
  Claire L. Thompson

By   */s/ Claire L. Thompson*
  Claire L. Thompson, Esquire
  Doherty, Wallace, Pillsbury
   & Murphy, P.C.
  One Monarch Place
  1414 Main Street, 19th Floor
  Springfield, MA  01144
  Phone:  (413) 733-3111
  Fax:    (413) 734-3910
  B.B.O. No:  550262