UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAITLYN T.; DAVID THARALDSON; DIANE THARALDSON<br><br>Plaintiffs<br><br>v.<br><br>CHICOPEE PUBLIC SCHOOLS and THE CITY OF CHICOPEE<br>Defendants | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-30086<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SANCTIONS**

The Plaintiffs oppose the Defendant's Motion to Dismiss the Supplemental Complaint and to Reduce Fees Sought in Original Complaint, based on substantive and procedural grounds. The Plaintiffs further seek sanctions against the Defendant for the filing of a frivolous motion and requests that the Court reimburse Chicopee for the attorney's fees and costs that it has incurred in researching and opposing this Motion to Dismiss.

I.   The Defendant's Motion to Dismiss is Unmeritorious and Frivolous.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), the Court must accept the factual averments in the complaint and supporting exhibits as true, extending every reasonable inference in the plaintiff's favor. See Jonker v. Kelley, 268 F.Supp. 2d 81, 82 (D. Mass. 2003). See also, Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992); Gordon v. Ashcroft, 283 F.Supp. 2d 435, 437 (D. Mass. 2003). The Court may grant dismissal under Rule 12(b)(6) only

where it appears beyond doubt that the [plaintiff] can prove no set of facts in support of his claim which would entitle him to relief. Arloo v. Ashcroft, 238 F.Supp. 2d 381, 385 (D.Mass. 2003), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

The Plaintiff's complaint seeks attorneys fees associated with several decisions rendered by the Bureau of Special Education Appeals ("BSEA" or "the Bureau") and the U.S. District Court pursuant to 20 U.S.C. Chapter 33 §1415 (i) (3) (B) of the Individuals with Disabilities Education Act. The Plaintiffs have filed as exhibits four separate decisions, which clearly find for them, providing them the right to recoup their attorney's fees and litigation expenses. Despite these strong decisions against them, the Defendants are seeking to have the Supplemental Complaint dismissed because according to it, the bills provided are not detailed enough. The Defendants specifically cite as an example of insufficient evidence of a service provided; "review of documents and call to Dr. Kemper." The Plaintiffs assert that the Defendants are well aware of Dr. Kemper's presence in the case as the parent's only expert witness. Dr. Kemper's testimony was limited to his knowledge regarding the school district's use of the READ 180 methodology. The specific reference the Defendant cites as an example is the second item on entire bill and involved my review of the numerous READ 180 materials presented to the parents by the school district and a phone call to Dr. Kemper regarding whether he had any familiarity with this program, and whether it fit the criteria as an appropriate program based on the recommendations in his evaluation.

The Defendant's also make reference to a number of phone calls that the telephone calls that took place between the parents and their attorney. The Plaintiffs assert that the specific nature of these phone calls is subject to attorney client privilege. The Plaintiffs remind the Court that when the original complaint was filed, the School District appealed the matter. The Parents assert that the bills and the specific nature of the conversations contain privileged information regarding strategy and the specific concerns of the parents. This was also true about the Supplemental

2

Complaint. On April 19th 2005, when the Supplemental Complaint was filed, the same issues were again before the BSEA pursuant to the School District suing the parents regarding the 2004-2005 school year. This matter was heard by the BSEA on May 2nd, 5th, and 6th of 2005. The BSEA has not yet rendered a decision on that matter. Granted that the description of the services provided do not meet the level of specificity the Defendants would like, however, the assertion that these phone calls were not related to the litigation is absurd. Obviously, the phone calls to Dr. Kemper and/or the parents all involved issues directly related to the litigation. In the overall context of looking at over two years of litigation the bills are self evident of the numerous hours of legal services that went into litigating these matters.

      The parents also refute the Defendant's assertion that certain fees are not legal fees, but are secretarial or currier services and thus should be billed at a lesser rate. This office does not employ full time secretarial staff or a currier service. Therefore, these tasks could not be delegated to these individuals. It is presumptuous to assume that all law firms are of the same size as the Defendant's attorney's law firm. In factoring in the costs associated with hiring full time secretarial staff, or currier service, for the purpose of having that person be available for the occasional tasks that arise, would have actually increased the amount of the expenses incurred overall. Also many of these tasks could not be delegated. Assembling the exhibit books is not simply copying. It requires the attorney to examine each document, for markings and ensure that the documents are in order correctly assembled. It is also a final review process. Additionally, the BSEA enforces a strict five (5) Day Rule, and failure to submit proper exhibits five days before hearing can mean the exclusion of that evidence from the hearing. Given that the attorney was the only person capable of perform these tasks and given many of these tasks were matters that involved time sensitive issues, they could not be delegated to others.

      The Defendants also asserts that the "drafting of the complaint" did not warrant the time

3

allocated. This is a subjective argument and can easily be substantiated. The drafting of the complaint, which forms the basis of the entire claim, involves careful review of the evaluations as well as the copying of very technical language from the evaluations into the complaint. The complaint in this matter was carefully drafted and laid the foundation for the claims and requested relief. In fact, the complaint for attorney's fees which asserts that the parents prevailed on all the issues is based on the issue presented in that request for hearing. Similarly, the review process prior to the pre-hearing involved re-reading all the evaluations and making notes and outlines of the issues that need to be discussed at the Pre-Hearing. Given the chronology, the procedural issues and the complicated issues involved, it should not be difficult to image two hours of review to present the case in the hopes of resolving it without further litigation.

Last the Defendants object to the three and half hours allocated to meeting with the White Oak staff to gather information regarding Kaitlyn's academic and emotional functioning as well as preparation of several witness for hearing. Again, given that the matter was, and still is pending, the parents reserve the right to protect some of this information. Under the circumstances, the Defendant's counsel could have subpoenaed witnesses and/or information based on these disclosures. The parents should not be required to perform the task of discovery for the Defendants especially when it became the Plaintiff on appeal and the subsequent BSEA law suit.

Overall, the services provided and the description of the services provided when looked at in total show over two years of litigation with resulted in four favorable decisions. The bottom line numbers provided at the bottom of each matter show the cost associated with litigating each matter. Based on the amount of litigation, the complexity of the subject matter, the rates charges by other practicing in this area of expertise, the lack of other attorneys practicing in this area of expertise and the adversarial nature of these proceedings, the fees are more than reasonable and should not be reduced.

With respect to the sweeping allegations that the Supplemental Complaint should be dismissed, the Court should be advised that there only needed to be a supplemental complaint in large part due to the Defendant's appeal of the underlying decision of the BSEA, which both prolonged the matter and subjected the School District to the additional attorney's fees as a result of the findings against it.  As the Supplemental Complaint also demonstrates the BSEA was forced to take up several additional matters directly associated with the Decision BSEA 04-0093 due to the School District's non compliance.   Therefore, considering the School District enormous role in creating this additional litigation, it should be estopped from asserting that the attorney fees, which are a logical result of its actions and decisions, should be summarily dismissed.

In conclusion, this Court must accept as true the statements in Plaintiff's complaint and supporting exhibits and must draw every reasonable inference in the Plaintiff's favor. See Jonker v. Kelley, 268 F.Supp. 2d 81, 82 (D. Mass. 2003). See also, Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992); Gordon v. Ashcroft, 283 F.Supp. 2d 435, 437 (D. Mass. 2003).  The salient factual averments in Plaintiff's complaint include, but are not limited to, those addressed in paragraphs 6 through 38, as well as the exhibits supporting the Supplemental Complaint.  Thus, extending every reasonable inference in the Plaintiff's favor, with includes four decisions holding for the Plaintiffs, detailed billing references as to date and service performed, there should be no doubt that the parents, consistent with 20 U. S.C. § 1415 (i) (3) (B), are entitled to their attorney's fees as previously submitted.

II.     The Defendant's Motion to Dismiss is Procedurally Flawed.

The Plaintiffs last two arguments are taken almost word for word from the School District's Motion in Opposition to Parents Motion to Dismiss from matter 04-30087.   In that motion the School District's attorney, the same attorney in this action, filed an opposition to the Parent's Motion

5

to Dismiss, asserting that the Parent's motion was procedurally flawed pursuant to U.S. District Court Local Rule 7.1 which sets forth the Court's requirements relative to the filing of motions. Specifically, Local Rule 7.1A(2) states that:

> "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

As stated by the Defendant's counsel: "At no time did counsel for the Defendants contact or in any way consult counsel Plaintiff's counsel or make any good faith attempt to resolve or discuss this motion prior to its filing. Had he done so, counsel for Plaintiffs would have attempted to provide the Defendant's counsel with the additional information sought, which could have avoided the need for both parties to expend considerable monies in legal fees and costs arguing a patently frivolous motion." She then cited:

Local Rule 7.1B(1) further states that:

> "A party filing a motion shall at the time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."

She concluded: "The Defendant ignored the local rule and merely filed its Motion to Dismiss and memorandum. Once again, had counsel for the Defendant conferred with counsel for the Plaintiff and/or analyzed the law regarding motions to dismiss, perhaps this unnecessary expense could have been avoided."

The same is true in the present case although the roles are reversed. The School District's attorney has failed to ask parents counsel for this information. In the event that they should ask for more detailed information with respect to certain items, the parents would have made this information available. Given that this argument comes from the Defendants own counsel, it appears only fair it be subject to the same consequences that it deems applicable to others.

III.    <u>Chicopee Requests that the Defendant be Ordered to Reimburse the Plaintiff for All Fees and Costs Expended by It in Opposing this Motion.</u>

Rule 11 of the Federal Rules of Civil Procedure permits sanctions against a party for the filing of a pleading intended to harass or cause needless increase in the cost of litigation. The Defendants' Motion to Dismiss in this case is so patently frivolous and procedurally inappropriate that the only logical conclusion to be drawn from its filing is that the Defendant intended to harass the Plaintiff or cause a needless increase in the cost of litigation. The potential for the needless increase in the cost of litigation is particularly concerning in this case where the Defendant has instituted a separate action for reimbursement of all attorney's fees and costs incurred by the Defendant in litigating this matter.

Further, the Defendant has ignored the Local Rules for the filing of motions, wasted the Court's time, and caused the Plaintiff to expend unnecessary legal fees and costs in researching, drafting, and potentially arguing this motion in Court.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court deny the Defendant's Motion to Dismiss and order the Defendants to reimburse parents for all legal fees, costs and expenses incurred in opposing this patently frivolous motion.

|  |  |
|---|---|
|  | Respectfully submitted,<br>The Plaintiffs<br>By their attorney |
| June 7, 2005 | **/S/DEREK M. BEAULIEU**<br>Derek M. Beaulieu, Esq.<br>1242 Main Street, Suite 306<br>Springfield, MA 01103<br>BBO#644185 |