UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KAITLYN T.; DAVID THARALDSON; DIANE THARALDSON <br><br> Plaintiffs <br><br> v. <br><br> CHICOPEE PUBLIC SCHOOLS and THE CITY OF CHICOPEE <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 04-30086 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S STATUS REPORT**

Please note that I have provided Attorney Thompson with copies of all the contemporaneous daily records that were kept by me personally in support the summary of attorney's fees. In addition, due to Attorney Thompson's expressed concern regarding the two different rates that I use, one for the Bureau of Special Education Appeals and a higher rate for the Federal Court, I have provided her with copies of my standard contract so that she can see my custom and practice in representing clients in the different forums.

The documents provided to Attorney Thompson resulted in several conversations regarding settlement. We were able to reach a dollar amount, but unfortunately we were unable to reach an agreement whereby the appeal on the subsequent case could be included, thus concluding all litigation currently in this court. The problem appears to be one of disagreement revolving around the issue of the current placement while the subsequent BSEA matter is on appeal. As the court will remember the attorney's fees case is the result of BSEA matter 04-0093 (*Kaitlyn's freshman year 2003-2004 school year*) and the appeal that followed throughout Kaitlyn's sophomore year (*case number 04-30087 MAP*). However, there was another BSEA

decision in June of 2005 (BSEA 05-2029). This case was brought by the School District against the parents to litigate the appropriateness of the 2004-2005 school year. The school district prevailed and the decision of the BSEA was issued on June 7, 2005. In practicality the School District achieved an empty victory in that the 2004-2005 school year was over and Kaitlyn remained at the White Oak School pursuant to stay put protection 20 USC 1415(j) at the school district's expense. With thirty days of the June 7, 2005 BSEA decision, the parents appealed the decision of the BSEA case to this court (05-30158-MAP). Kaitlyn is now attending White Oak for the 2005-2006 school year as a Junior, and the parents assert that while the litigation is still pending the financial responsible for that placement is still on the school district.

The attorney's have discussed the placement issue and it is the School District's position that the decision of the BSEA in June 2005 has settled the placement issue. It is the School District's contention that the last decision of the BSEA on June 7, 2005, even though it was for the preceding school year, dictates the placement and as such "stay put" protection while the matter is on appeal. The school district specifically contends that the Brighter Beginnings program at Chicopee High School is Kaitlyn's current placement.

The parents assert that a "then current placement" only applies when parents and the state agree pursuant to a BSEA decision or some of the court decision. The language from 20 USC §1415(j) specifically excludes language creating this type of agreement and the protections that follow, namely "stay put," when the school district and the state agree. The parent's assert that a BSEA decision in favor of a school district only becomes final and controlling when all litigation has been exhausted, concluded, or not appropriately acted upon. As such, the last decision wherein the parents and the state agreed was the first decision BSEA 04-0093 which specified White Oak as the appropriate placement. This legal distinction created the "then current

2

placement" and it will remain so while the "litigation is still pending." Therefore, while the BSEA decision 05-2029 is still on appeal, the stay put placement is still the White Oak School and the School District should still be paying for that placement and providing transportation.

The settlement negotiations regarding the attorney's fees case are very much impacted by this issue given that the settlement offers thus far include concluding that matter as well. For example, if the School District is correct and it has no obligation to pay for the placement at White Oak then the parents have only the hope that they will prevail on appeal and keeping that hope alive costs time and money. As it was also discussed in detail before Judge Neiman at the scheduling conference, because the School District has already paid for the placement at White Oak for the 2004-2005 school, and pursuant to *Burlington* cases cannot go after parents for reimbursement of that money, the parents only stand to change the outcome of the case theoretically for precedents sake and recoup their attorney's fees. Based on the standards of review, which favor the prevailing party below, it is always an expensive gamble to appeal a BSEA decision. As such taking a lesser amount of the attorney's fees, which still is a sizable amount, with the down side of ended all on going litigation and moving on, may make sense.

However, if the parents are correct, and the school district should be paying for the placement at White Oak until the matter is resolved, which may not be until March or April 2006, that parents gamble of going forward on appeal is much more palatable. The parents may also prevail on appeal and recoup any attorney's fees and costs associated with the second case. This dramatically changes the landscape of not only this law suit but the attorney's fees case. In the event that the parents understanding of what constitutes a "then current placement" and "stay put" is correct their case becomes considerably stronger. Thus taking a lesser amount on the attorney's fees case and ending the appeal only serves to get the parents less than full

reimbursement on the previous case, ends the school district's current responsibility to pay for the placement the parents want, and forgoes any chance the parents have at recouping attorney's fees and costs for the second BSEA hearing.

Given that the "stay put" issue from the appeals case hinges on whether the parties can come to an agreement on this case, the parent's attorney will be bringing a motion before this court on matter number 05-30158-MAP to decide the issue of what is the current placement and who is responsible for it financially. In the interim, I will be submitting as additional exhibits the contemporaneous records and the contracts I previously forwarded to Attorney Thompson.

WHEREFORE, Kaitlyn T. and her parents respectfully request that the court set another date for status so that the parties can attempt to resolve the stay put issue so that this matter may be resolved through settlement.

                                                    Respectfully submitted,
                                                    The Plaintiffs
                                                    By their attorney

October 24, 2005                               **/S/DEREK M. BEAULIEU**
                                                    Derek M. Beaulieu, Esq.
                                                    1242 Main Street, Suite 306
                                                    Springfield, MA 01103
                                                    BBO#644185