**DEREK M. BEAULIEU,** ESQ.

ATTORNEY AT LAW 1242 MAIN STREET, SUITE 306
THE HISTORIC WALKER BUILDING SPRINGFIELD,
MASSACHUSETTS 01103

TELEPHONE (413) 567-7745
FACSIMILE (413) 567-7746

October 17,2005

Claire Thompson, Esq.
Doherty, Wallace, Pillsbury & Murphy, P.C.
One Monarch Place Suite 1900 Springfield, MA
01144-1900

      RE: Chicopee Public Schools/Kaitlyn Tharaldson
         Attorneys Fees Matter

Dear Attorney Thompson:

      Please find enclosed a copy of the Standard Fee Agreement that I have been using for the last several years. As I have indicated to you in the past, I never had a written agreement with the Tharaldsons, however, this later memorialization of an agreement, is essentially that same agreement I had with them and other clients at that time. For future references, I currently use this agreement with all clients.

      Please also find enclosed sanitized copies of all the contemporaneous records I kept on the Tharaldson case. Hopefully, these records shed light on some of your questions.

      Please do not hesitate to contact my office with any questions or concerns.

      Thank you.

Very truly yours,

Derek M. Beaulieu, Esq.

CC: Mr. and Mrs. Tharaldson

286992.1

## DEREK M. BEAULIEU, ESQ.

ATTORNEY AT LAW 1242 MAIN STREET, SUITE 306
SPRINGFIELD, MASSACHUSETTS 01103

TELEPHONE (413) 733-1824 FACSIMILE

(413) 567-7746

## HOURLY FEE AGREEMENT

AGREEMENT made, by and between the CLIENT(S),                                             on behalf of their/her/his
minor child, xxxxxxx, and Derek M. Beaulieu, Esq., hereinafter referenced as the ATTORNEY

NOW THEREFORE, it is mutually agreed as follows:

(1) REPRESENTATION:

The CLIENT(s) hereby employs the ATTORNEY to represent their interests in negotiation/litigating the individualized education plan of their minor child. The child, being a minor without the capacity to contract for services under the laws of Massachusetts, is merely the beneficiary of this contract. Therefore the parent(s) are the CLIENT(s) and the party bound by this contract. Whereas the Parent(s) have entered into the aforementioned contract knowingly and willingly with the sole purpose that their minor child will be the sole beneficiary of the said legal services, the contract is a valid third party beneficiary contract under the laws of Massachusetts. The ATTORNEY is duly licensed by the laws of this state and engaged in the professional service of providing independent legal counsel and assistance to clients. The obligation of the ATTORNEY to represent the CLIENT(S) is contingent upon the CLIENT(S)'s compliance with this agreement.

(2) COMPENSATION:

(a) HOURLY CHARGES:

The CLIENT(S) understands that the ATTORNEY charges for his professional services on an hourly basis as follows: One hundred and twenty five dollars ($125.00) per hour for all services.

The CLIENT(S) understands that the services that will be billed at the hourly rate of one hundred twenty five dollars ($125.00) per hour include: BSEA hearings, client meetings; settlement conferences; telephone calls; preparation for attendance as court hearings, meetings; waiting time in court or at meetings; travel time if greater than one half hour; drafting correspondence or other legal documents; legal research; and/or any other legal services rendered by the ATTORNEY in connection with advancing the case. Please also note that messages left on the message machine may be billed at a minimum rate of one tenth of an hour.

The CLIENT(S) understands that the services that will be billed at the hourly rate of one hundred fifty dollars ($150.00) per hour include: all federal court matters which include: client meetings; settlement conferences; telephone calls; preparation for attendance as court hearings, meetings; waiting time in court or at meetings; travel time if greater than one half hour; drafting correspondence or other legal documents; legal research; and/or any other legal services rendered by the ATTORNEY in connection with advancing the case. Please also note that messages left on the message machine may be billed at a minimum rate of one tenth of an hour.

The ATTORNEY will provide the CLIENT with a bill for all services rendered on a regular monthly basis. The monthly bill will include a detailed description of all services rendered during the month, along with the previous balance and proper deductions for payments received.

(b) FEE RETAINERS:

The CLIENT agrees that they will deposit a sum in the amount of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00) as a retainer with the ATTORNEY This money will be held in a separate account called an IOLTA account. The interest accrued on the money is required to be paid to the state wherein it is

1

286992.1

used by the State Bar Association to pay counsel of indigent clients in certain cases wherein a person is constitutionally entitled to counsel but cannot afford one. This money will only be taken out of the IOLTA account and applied toward the CLIENT's bill after the services have been rendered at the end of the month. The CLIENT understands that the retainer may not be sufficient to cover all services rendered at the end of the month. When the retainer is exhausted the ATTORNEY reserves the right to request the CLIENT to deposit another retainer or terminated his services.

(c) INTEREST:

The CLIENT may be charged, at the ATTORNEY's discretion, one percent (1 %) interest per month on any unpaid balance of the clients account beginning thirty days from the date that the bill is rendered. The annual rate of interest charged is twelve percent (12%).

(3) EXPENSES:

The CLIENT agrees to reimburse the ATTORNEY for all expenses relating to the CLIENT's case. Expenses include, but are not limited to, filing fees, costs of service, stenographic fees, long distance phone calls, reproduction costs including but not limited to photocopying fees for hearings, postage. The CLIENT will be expected to pay expert witnesses directly when necessary. The CLIENT will be notified before any expenses are incurred that are expected to be in excess of fifty ($50) dollars. All expenses incurred will be listed on the monthly bill.

(4) BILLING:

All bills not paid from the retainer funds must be paid by the CLIENT to the ATTORNEY within thirty (30) days from the date billed.

(5) TERMINATION OF REPRESENTATION:

Termination of representation takes place when the case has come to a conclusion through litigation, which reaches either settlement or judgment. Upon conclusion of any case, and after all services rendered by the ATTORNEY have been paid in full, the ATTORNEY will refund any unused portion of the retainer to the CLIENT.

Termination of representation may also take place if the CLIENT disregards the provisions of this agreement with respect to the payment of fees and expenses. In the event the client disregards the payment of fees and expenses provisions of this agreement, the ATTORNEY shall have the right to withdraw as counsel for the CLIENT. Any fees and expenses incurred by the ATTORNEY in connection with his Motion to Withdraw as Counsel, will be charged to the CLIENT.

In the event the CLIENT fails to pay any outstanding fees and expenses owed to the ATTORNEY pursuant to this fee agreement, the ATTORNEY shall be entitled to pursue whatever legal remedies are available in order to collect the same. In such event, the CLIENT will be responsible for the ATTORNEY's attorney's fees and cost in connection with any collection proceedings against the CLIENT.

(6) ACCEPTANCE OF REPRESENTATION:

The ATTORNEY agrees to represent the CLIENT under the terms set forth above:

Date:

Derek M. Beaulieu, Esq.

I have read this fee agreement carefully, I fully understand its terms, and I hereby retain Attorney Derek M. Beaulieu to represent my child in the above referenced matter according to the terms set forth above. My signature is my free act and deed and I acknowledged that I have received an original signed copy of this fee agreement.

Date:

2

286992.1